HORACE TUTTLE AND HENRY MARTIN *v.* PATRICK HANNEGAN.

The defendant sold a milk route, together with the good will, &c., and agreed that he would not, for three years, sell to any of the customers on the route. *Held*, in an action for damages for a breach of the agreement, that evidence of loss of customers and diminution of daily profits was properly admitted in evidence on the question of damages.

Where defendant in such a case gave a writing in the form of a bond, but not under seal, by which he covenanted not to interfere with the milk route, *Held*, that the remedy of the plaintiff for a breach was not restricted to an action on the bond; but he might sue on the verbal agreement, and the writing was admissible in evidence at the trial.

APPEAL from a judgment in favor of plaintiffs for $492 75.

In this action the complainant alleged that the plaintiffs were co-partners, engaged in selling milk; that on November 15th, 1866, they purchased of the defendant for the sum of $1,000, one horse and wagon, and the appurtenances and the good will of a milk route in the city of New York, and paid him that sum therefor; that the defendant agreed with the plaintiffs that he would not, for and during the term of three years from November 15th, 1866, in any way or manner serve, supply, or sell, or cause to be served, supplied or sold, by any

person or persons on his behalf, milk to any of the customers on that route. It set forth a breach of that agreement, and alleged generally damages in $1,000.

The answer was a general denial of all the allegations of the complaint, excepting the sale and delivery to the plaintiffs of the horse and appurtenances and milk route.

On the trial, plaintiffs offered in evidence a writing, not under seal, but in the form of a bond for $1,000, made to the plaintiff, Martin, conditioned for the performance of the agreement alleged in the complaint.

Defendant objected to its admission, on the ground that the action should have been brought for breach of covenant in that instrument; that the plaintiffs could not maintain this action with that instrument in existence.

Subject to defendant's exception, however, the instrument was admitted.

Defendant also excepted to the proof offered of loss of customers and of the daily profits of the milk route, through the acts of the defendant in drawing away customers.

*D. McMahon,* for appellant.

*P. J. Sause,* for respondents.

By THE COURT.*—JOSEPH F. DALY, J.—The proof of damage given by plaintiffs on the trial was admissible; the loss of customers and loss of daily profits was the direct result of the defendant's breach of his agreement, that he would not supply milk to the customers on the milk route he had sold to the plaintiffs. The defendant argues that the correct rule of damage would be the difference between the contract price at which the defendant sold the property, and its actual value after the breach. It might well be that it was worth far more than the defendant sold it for; but, if so, the plaintiffs were entitled to the benefit of their bargain, and the defendant has no right to reduce the value of the property—by interfering

---

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

with it, taking away customers, &c.—down to a sum equal to the contract price. The verdict rendered by the jury, of $492 75, is less than, by some views of the testimony, might have been found as the loss sustained by plaintiffs, and, therefore, cannot be set aside as unwarranted by the evidence.

As to the admission in evidence of the writing at folio 37 of the case, the complaint sets forth, as the basis of the action, a promise or agreement, which is substantially the same as that contained in the writing, under the form of a condition of a bond. The writing itself is not a bond, and is of no higher character than a simple agreement. Not being under seal, it cannot be regarded as an instrument of higher character into which the parol contract of the parties was merged. The plaintiffs were not bound, therefore, to bring their action upon it, but had the right to plead the parol agreement, and offer the writing in evidence to sustain their case. The exceptions to its admission, and to the admission of evidence after it was in the case, were not well taken. It is true that the writing showed an agreement with the plaintiff, Martin, alone; but the answer admits the sale of the property to the plaintiffs— the horse and appurtenances and milk route; and the evidence shows that Martin acted for the partnership, and he and the other plaintiff as the real parties in interest, had the right to bring the action. Finally, the writing itself purported to be a bond in the penalty of $1,000; and the plaintiffs claimed no more than that sum as damages, and recovered much less.

The judgment should be affirmed, with costs.

Judgment affirmed.