PETTIT VS. HAMLYN.

PRACTICE IN SUPREME COURT. *(1, 2) Duplicity in notice of appeal; when it may be waived. (3, 4) How it may be waived.*

1. While a notice of appeal from a judgment and from an order, there being no order in the record, is *irregular*, and the duplicity is ground of dismissal, it is not jurisdictional, and may be *waived*, there being no difficulty in applying the notice to the judgment.

[2. *It seems* that in case of an appeal from two interlocutory orders, or from a judgment and an appealable order, the uncertainty to which the appeal should apply, might render it ineffectual for any purpose.]

3. In general, there should be but one motion to dismiss an appeal for causes existing when the motion is made; and where grounds of dismissal appear in the record below, they should be included in any motion to dismiss made before the record is returned.

4. The respondent moved to dismiss the appeal herein merely on the ground that no return had been made; and, on a hearing after return made, this court ordered a dismissal unless appellant should pay the costs of the motion. After payment and acceptance of such costs, respondent moved to dismiss on the ground that the appeal was double. The appeal was in form from the judgment and from an order, but there was no order in the record. *Held*, that the objection for duplicity was *waived* by failing to include it in the former motion, and by acceptance of the costs of that motion.

APPEAL from the Circuit Court for *Ozaukee* County.

The notice of appeal in this case states that the appeal is "from the order and judgment in this action, dismissing the complaint therein, made the 2d day of February, 1877." Among the papers sent up with the appeal, was one dated February 2, 1877, and signed by the judge, which recites that, the cause having come on in its order to be tried before the court, etc., defendant objected to the admission of any evidence under the complaint, for the reason that said complaint does not state facts sufficient to constitute a cause of action, " which objection was sustained by the court, and, on motion of the defendant, said complaint is hereby dismissed, with costs, and judgment ordered to be entered in favor of the defendant and

against the plaintiff for the costs of this action." A formal judgment of dismissal and for costs was entered on the same day.

The record also contains a bill of exceptions, which recites that, the cause having come on to be heard, etc., and the plaintiff having called a witness, the defendant moved that no evidence should be received under the complaint, because it did not state facts, etc., and that, after hearing counsel, " it was ordered that such motion be granted, and that no evidence be received under the complaint, and that the complaint be dismissed;" and that the plaintiff excepted to "such ruling and order."

Defendant moved to dismiss the appeal for duplicity. His previous motion to dismiss, and the action of the court thereon, are stated in the opinion.

For the motion, a brief was filed by *I. N. Frisby*, and there was oral argument by *J. C. Gregory*. It was contended, 1. That the appeal was bad for duplicity, whether the record does or does not show both an order and a judgment, the rule resting on the duplicity of the notice *in form*. *Fehring v. Swineford*, 33 Wis., 550; *Parker v. McAvoy*, 36 id., 322; *Am. B. H. Co. v. Gurnee*, 38 id., 533. 2. That there was in this case, in fact, an *order*, distinct from the judgment. R. S., ch. 140, sec. 28 (Tay. Stats., 1654, § 29); 1 Till. & Sh. Pr., 396-7, and cases there cited; *Lincoln v. Cross*, 11 Wis., 94, 98; *Lee v. Dunlop*, 15 id., 387-392.

Briefs were filed in opposition to the motion by *Foster & Coe*. They argued, 1. That the objection for duplicity was waived by the failure to include it in the former motion. *Bonesteel v. Orvis*, 23 Wis., 506; 1 Till. & Sh. Pr., 398, and cases there cited; 4 Waite's Pr., 572. 2. That there was no real ambiguity or duplicity in the appeal, because, (1) The order referred to and the judgment both provided for the same relief. (2) The order, if reviewable at all, was reviewable on a mere appeal from the judgment. Tay. Stats., 1636-7,

§ 13; *Victor S. M. Co. v. Heller*, 41 Wis., 657, and cases there cited; *McHugh v. Railway Co.*, id., 79. (3) The order and judgment were not subject to separate appeals. 41 Wis., 657. (4) The order was not appealable at all; but the ruling of the court was brought up by the appeal from the judgment, being preserved by bill of exceptions.

RYAN, C. J. Before return made to this appeal, the respondent moved to dismiss it on the ground that the return had not been made. The motion was heard after return made; and it was ordered that the appeal be dismissed, unless the appellant should pay the costs of the motion. It is admitted that the appellant saved the dismissal by payment of the costs as ordered.

The respondent now moves to dismiss the appeal, on the ground that the notice of appeal is double. *American Button Hole Co. v. Gurnee*, 38 Wis., 533.

If the defect in the notice of appeal were jurisdictional, it could not be waived; if irregular only, it could. And where, as in this case, the double appeal is from judgment and order, and there is no order of the court in the record(*Johannes v. Youngs, ante*, p. 401), we consider the duplicity in the notice an irregularity only. All the cases seem to treat the defect as an irregularity. And in such a case as this, we see no reason to hold it jurisdictional. The appellant takes an appeal which he had a right to take, but couples it with a superfluous appeal from something not in the record.

Where an appeal is from two orders, or from a judgment and an order, and the record discloses two orders or a judgment and an order, it might be that the uncertainty to which the notice of appeal should apply, would render the appeal ineffectual for any purpose. But in the present case we have no difficulty in applying the notice of appeal, double as it is, to the judgment, the only thing in the record from which an appeal lies.

This duplicity would have been good ground of dismissal as an irregularity. But we hold it waived by not being included in the former motion, and by acceptance of the costs paid by the appellant to save the dismissal. The only doubt of such waiver is the question whether duplicity in the appeal could be assigned as a ground of dismissal, before the record came here. And we think that it could. Where grounds of dismissal of such a character appear in the record below, and a motion is made to dismiss before return here, we see no difficulty in presenting them upon the motion, and think that they ought to be presented. As a rule there should be but one motion to dismiss for all causes existing when the motion is made.

*By the Court.* — Motion denied.