## PETTIT vs. HAMLYN.

### *Pleading.*

Where there is an averment, in general terms, of an *agreement to convey*, it must be assumed that it was a *valid* agreement; and it is error to reject all evidence under the complaint for its failure to *expressly* allege an agreement in writing, even though the answer denies *such* an agreement.

APPEAL from the Circuit Court for *Ozaukee* County.

Plaintiff appealed from a judgment in favor of the defendant. The case is stated in the opinion.

The cause was submitted on the briefs of *Foster & Coe* for the appellant, and that of *I. N. Frisby* for the respondent.

To the point that it was not necessary for the complaint to show that the agreement was in writing, appellant's counsel cited *Whiting v. Gould*, 2 Wis., 552; Story's Eq. Pl., § 761; Moak's Van Santv. Pl., 205, 255, 339, and authorities there cited.

COLE, J.   On the trial, an objection was taken to the admission of evidence under the complaint, on the ground that it did not state a cause of action. The objection was sustained, and the complaint was dismissed. See 42 Wis., 434. The

complaint is very loosely drawn, but, as we understand its allegations, they set forth an agreement for the sale and conveyance of real estate. The relief demanded is a specific performance of that agreement. A family arrangement in regard to the settlement of a partition suit mentioned in the complaint, it seems, led to this agreement. The complaint states, among other things, that the mother of the plaintiff, having in her hands $200, trust money belonging to the plaintiff, gave this sum to the defendant upon his agreeing to convey to the plaintiff, when she should become of age, an interest in certain real estate mentioned. Upon arriving at majority, the plaintiff demanded the conveyance, which was refused by the defendant. These are the material parts of the complaint, and we think they show a cause of action. .

It is said by the counsel for the plaintiff, that the court below held the complaint insufficient because it did not show that the agreement was in writing. If that was the view of the learned circuit court, it was unsound. The complaint states the agreement to convey in general terms, and it must be presumed that it was a valid agreement. Certainly the contrary presumption cannot be made because the complaint states generally the agreement. It was not necessary to allege that it was in writing. The law upon this point is well settled. It is true, the answer alleges that the agreement to convey was not in writing, but we do not see that that can affect the question as to the sufficiency of the complaint. For the objection taken to the admission of evidence under the complaint, because it did not state a cause of action, was equivalent to a demurrer on that ground. *Grannis v. Hooker*, 29 Wis., 65.

The law of trusts under our statute is quite fully discussed by counsel on both sides in their briefs; but, in the present attitude of the case, that question is not before us for consideration. The only question presented is as to the sufficiency of the complaint.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings.