JAMES H. HAMILTON, PLAINTIFF IN ERROR, V. HANS P. LAU, DEFENDANT IN ERROR.

1. **Evidence.** Under the code of civil procedure a written contract is admissible in evidence under a general allegation that the party contracted, without indicating how.

2. **Trespass de bonis asportatis: DAMAGES.** In an action in the nature of *trespass de bonis asportatis*, by a mortgagee of goods, in possession, against a sheriff, for wrongfully levying on the same, where the value of the goods taken does not exceed the amount or balance actually due on the debt for which said goods were held, the actual value of the goods, *Held*, To be the measure of the plaintiff's damages, and where a verdict exceeded the amount of such value the plaintiff was required to remit the excess, or the verdict would be set aside.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan*, for plaintiff in error, cited: *Wallace v. Wainwright*, 87 Penn. State, 263. *Page v. Smith*, 24 Wis., 368. *Dickson v. Rawson*, 5 Ohio State, 218. *Bonns v. Carter*, 20 Neb., 566.

*Sedgwick & Power*, for defendant in error.

COBB, J.

This was an action in the district court of York county. The plaintiff, by his petition, alleged that, on the 16th day of February, 1886, one Elon Granger was the owner and in possession of a stock of goods, wares, and merchandise in the city of York, in York county, and then indebted to and owing plaintiff in the sum of $950, and it was on the said day agreed by and between the plaintiff and said Granger that the said Granger should sell and transfer said stock of goods, wares, and merchandise to plaintiff, in payment of the said sum of $950 then due and owing

from said Granger to plaintiff, and, in pursuance of said agreement, the said Granger did, on the said 16th day of February, sell and transfer to plaintiff the said stock of goods, wares, and merchandise, and put plaintiff in immediate, exclusive, and actual possession of the same, and plaintiff then received the said stock of goods, wares, and merchandise in full satisfaction of said claim of $950. Plaintiff then and there further agreed to and with the said Granger that in case plaintiff realized more than the sum of $950 out of said stock of goods when the same should be disposed of by plaintiff, then, in that event, plaintiff would pay said Granger such surplus, in addition to the sum of $950; that thereafter the plaintiff sold and disposed of a part of the said stock of goods, etc., of the value of $380, for the sum of $380, and no more; that on the 18th day of February, 1886, the defendant then being the sheriff of York county aforesaid, under and by virtue of a writ of attachment issued against the property of said Granger by the county judge of said county, in an action then pending in the county court of said county, wherein Frank F. Mead was plaintiff and said Elon Granger defendant, levied upon and seized all of the stock of goods, etc., except that part of said stock sold by plaintiff for the said sum of $380, as aforesaid, and which said stock of goods, etc., so seized and levied upon by defendant, as aforesaid, were still the property and in the possession of plaintiff, and were of the value of $575. (Here follows a description of the goods.) And the said defendant, at the time he so levied upon and seized the said goods, etc., had full knowledge of plaintiff's right and ownership therein.

The defendant answered, alleging that he was sheriff of said county, and that by virtue of a certain writ of attachment in his hands, issued by the county judge of said county in a certain action then pending in the county court of said county, wherein Frank F. Mead was plaint-

iff and said Elon Granger was defendant, he levied upon goods, etc., of the said Elon Granger to the amount and value of three hundred and sixty-one dollars and seventy-nine cents, and no more, and that said goods etc., so levied on as aforesaid by said sheriff, the said plaintiff ·pretended to be in the possession thereof.

Defendant admits that, on the 17th day of February, 1886, Elon Granger was the owner of and in the possession of a stock of goods, etc., in the city of York, etc., and denies each and every allegation contained in the petition not in said answer expressly admitted.

The defendant also, in his said answer, sets out at length the commencement of an action in said county court by said Frank F. Mead against said Elon Granger, the filing of the necessary affidavit and undertaking, and issuance of an order of attachment to the said sheriff, its delivery to him, the service thereof, by seizing the said goods, etc. Also an allegation of fraud in the transfer of said goods from said Granger to the plaintiff, and an allegation that said Granger was not then and there indebted to the plaintiff.

Defendant also, as the eighth and separate defense, alleged that at the time of the execution of the instrument of sale by Elon Granger to H. P. Lau, the plaintiff, the said plaintiff took possession of said goods and chattels, which were of the value of $1,700; and that the plaintiff had and secured to his own use sufficient of the said goods ·and chattels aforesaid to fully pay and discharge the claim of the plaintiff. · And that the goods and chattels so sold by the plaintiff were of sufficient value to pay and discharge the plaintiff's claim, and that after the. levy of the order of attachment in favor of said Frank F. Mead against said Granger, there were left in the possession of the plaintiff, including the value of goods before that time sold by plaintiff, goods of the value of more than $1,300. And the defendant says that the goods so as aforesaid sold

by plaintiff exceed in value the claim of the plaintiff in the sum of $350.    Wherefore defendant says that the claim of plaintiff against said Granger has been fully satisfied and paid.

There was a trial to a jury, with a verdict and judgment for the plaintiff.

The defendant brings the cause to, this court on error, and assigns the following errors:

1.    For surprise occurring to defendant (plaintiff herein) at the trial, in this, that the plaintiff (defendant herein), in the first paragraph of his petition alleged a sale of the goods in controversy from one Elon Granger to plaintiff (defendant herein), and it turned out on the trial that said contract was made at the same time said sale was made, and was in writing, and was not filed in the office of the county clerk with the bill of sale.

2.    The damages are excessive, appearing to have been given under the influence of passion or prejudice.

3.    There is error in the assessment of the amount of the recovery.

4.    The verdict is not sustained by sufficient evidence.

5.    The verdict is contrary to law.

6.    Errors of law occurring at the trial, excepted to.

7.    The verdict is contrary to the instructions given by the court.

8.    The court erred in permitting in evidence over the objections of defendant (plaintiff herein) the bill of sale, Ex. "A," executed and delivered by one Elon Granger to the plaintiff (defendant herein) on the 16th day of February, 1886, for the property which is the subject of this controversy.

9.    The court erred in permitting incompetent and improper evidence to go to the jury over the objections of the defendant (plaintiff herein).

The statute in relation to new trial provides, after defining new trial, that, "the former verdict, report, or

decisions shall be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes affecting materially the substantial rights of such party :    *     *     *    *Third*.  Accident or surprise, which ordinary prudence could not have guarded against.      *     *     * ”   Code, sec. 314.

It is not pointed out, nor am I able to discover from the bill of exceptions, in what manner the substantial rights of the plaintiff in error were materially affected by the fact that, “ it turned out on the trial that said contract,” referred to in the first assignment of error, “ was made at the same time said sale was made, and was in writing, and was not filed in the office of the county clerk with the bill of sale.”  The sale of the goods by Granger to the plaintiff, as well as the agreement of the plaintiff to pay to said Granger the amount which he should realize from the sale of said goods over and above the sum of $950, are set out in the petition, without stating whether either the sale or the agreement to account to Granger for the residue of the goods were evidenced by writing or not.  It is stated in the petition, and was proved at the trial, that there was an immediate and continuous change of the possession of the goods.  Had this not been the case, would it have been necessary that such sale and defeasance both be in writing and filed or recorded, in order to affect third persons?  But it is believed that such purpose was effected by the change of the possession of the goods.  In other words, the two contracts, taken together, amounted to a chattel mortgage with an especial power of sale.  Without an immediate delivery, followed by an actual and continuous change of the possession of the goods, such mortgage would be void as against the creditors of the mortgagor and subsequent purchasers in good faith, unless the mortgage or a copy be filed, etc.   Comp. Stat., sec. 14, Ch. 32.  In order to be filed, such mortgage, and the whole thereof, must necessarily be in writing.  But these provis-

ions only apply to cases where there is not an immediate delivery, and that followed by an actual and continuous change of possession of the property mortgaged. But the question sought to be raised by the assignment under consideration probably is, whether a written contract is admissible in evidence under a general allegation that the party contracted, without indicating how. Such written contract is admissible under such allegation under the new procedure. Abbott's Trial Evidence, 522, and cases there cited. *Tuttle v. Flannegan*, 54 N. Y., 686. *Same case*, 4 Daly, 92.

In every mortgage there is a trust created, in a certain sense, in favor of the mortgagor, in respect to the residue or surplus after the application of sufficient of the fund to satisfy the claim of the mortgagee. The trust spoken of in *Bonns v. Carter*, 20 Neb., 566, and the other cases cited by counsel, and which was there held to turn the mortgage into an assignment for the benefit of creditors, was a trust created for the benefit of third persons, not parties to the instrument. No case has gone further than this to my knowledge.

Upon the trial, after the examination of F. C. Harrison, the first witness on the part of the plaintiff, his cross and re-examination, as set out in the bill of exceptions, the following entry appears : "It is agreed between the parties that the value of the goods taken by Mr. Mead, and for the taking of which this suit was brought, was the appraised valuation, as given in the attachment proceedings, $408.01." Again, after the plaintiff rested his case, the following entry appears : "It is admitted by the parties hereto, that the sheriff levied upon the goods in question on the 18th day of February, 1886, by virtue of an attachment in the case of *Frank F. Mead v. Elon Granger*, in the county court of York county. It is further admitted by the parties, that the goods in question so levied upon were sold under said writ of attachment, and applied on the judgment obtained in said case of

*Frank F. Mead v. Elon Granger*, and that the amount of said judgment was $349.75." After the defendant had introduced and examined his first witness, and before his cross-examination, the following entry appears: "The plaintiff requests leave of the court to withdraw his admission of value heretofore made, which is granted by the court." And again, after the said witness, Elon Granger, was cross-examined by the plaintiff, and before his re-examination by the defendant, appears the following entry : " Here defendant is given leave to amend his answer, by inserting paragraph 8 thereto, which he does. Defendant elects to try the cause on the question of payment, and to strike out of answer all allegations inconsistent with such plea of payment." Special reference is made in the judge's certificate of the allowance and settlement of the bill of exceptions, to the above admissions, stipulations, and agreements of the parties, and also the amendment of pleadings. The only issue, then, before the court and jury was that presented by the eighth or amended clause of the answer of the defendant. The burden of proving this answer was upon the defendant. According to the allegations of the petition, the plaintiff's demand and lien upon the goods amounted to $950. He admitted having sold goods, before the levying of the attachment by the defendant, to the amount of $380, which deducted from the amount of his claim would leave $570, besides interest. The amount of the verdict was $495.64.

The court, among other things, instructed the jury as follows: " And in case you find that the said balance due the plaintiff from Granger exceeds the value of the property attached, then the measure of plaintiff's damages will be the actual value of the property taken by the defendant on attachment at the time and place of taking, with seven per cent interest thereon from February 18, 1886." While the court granted the request of plaintiff to withdraw his agreement as to the value of the property

taken on attachment by the defendant, no such request was made by, or granted to, the defendant. There was evidence before the jury tending to prove that the plaintiff's claim against Granger, after applying the value of the goods sold by him, exceeded the amount and value of the goods taken by the defendant. There being no other evidence of the value of the goods taken on attachment by the defendant, the amount of such value, under the said agreement, must be taken as the true measure of the plaintiff's damages. The amount so agreed upon, with seven per cent interest thereon from the 18th day of February to the date of the judgment, amounts to $431.45, which amount is exceeded by the verdict, $64.19.

The judgment of the district court will therefore be reversed, and a new trial awarded, unless the plaintiff shall, within twenty days from the date of the filing of this opinion, enter a remittitur in this court of said sum of $64.19, in which case the judgment will stand affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.