[No. 1621.   Decided February 1, 1895.]

W. M. Stephens, *Appellant*, v. The City of Spokane,
*Respondent*.

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — ACTION UPON WAR-
RANTS — PLEADING.

A municipal corporation is not limited to special assessments for
the purpose of paying the expense of street improvements, when,
under its charter, it has power to assess, levy and collect taxes for
general municipal purposes, and is also given general power to im-
prove and repair its highways, although by another section of the
charter it is granted power to levy a special tax for such improve-
ments. (*Soule v. Seattle*, 6 Wash. 315, followed.)

Where a contract for a street improvement has been duly made
by a municipal corporation, and the work done thereunder accepted
by it, the city is liable for the cost thereof when no steps have been
taken for five years to collect the necessary funds for its payment by
assessment upon the abutting property.

Although a city charter requires all contracts of the city for the
payment of sums in excess of $50 to be in writing, failure to allege
in a complaint for the recovery of a sum in excess of $50, that it was
based on a contract in writing, does not render the complaint
demurrable, as a written contract is always admissible in evidence
under a general allegation that a contract had been entered into,
without indicating whether it was in writing or not. (*Arnott v.
Spokane*, 6 Wash. 442, distinguished.)

Although a city charter may require that warrants for the payment
of money be signed by the mayor and clerk of the city, a com-
plaint upon a city warrant signed by an acting mayor is not demur-
rable for the reason that it fails to allege the proceedings of the city
council by virtue of which the acting mayor came to occupy such
position, as such facts are matters of evidence and not of pleading.

*Appeal from Superior Court, Spokane County.*

*Jones, Belt & Quinn*, for appellant:

Upon the proposition that the defendant had full
power, under its charter, to improve its streets and pay
for such improvements out of its general fund, counsel

cited *Soule v. Seattle,* 6 Wash. 315; *Maher v. Chicago,* 38 Ill. 266; *Leavenworth v. Mills,* 6 Kan. 288; *Leavenworth v. Stille,* 13 Kan. 539; *Morgan v. Dubuque,* 28 Iowa, 575. Upon the point that the failure of the city for a period of five years to take the steps necessary for the purpose of creating a fund for the payment of the expense of a street improvement, constitutes such a breach of duty as to render the city liable to a recovery therefor from its general fund, counsel cite *Reilly v. City of Albany,* 112 N. Y. 42 (19 N. E. 508); *Cummings v. Brooklyn,* 11 Paige, 596; *Commercial National Bank v. Portland,* 33 Pac. 532 (41 Am. St. Rep. 854); *Portland L. & M. Co. v. East Portland,* 18 Or. 21 (22 Pac. 536).

*James Dawson,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought on four street grade warrants of the city of Spokane, for $500 each, and interest thereon, issued April 12, 1889, and drawn on the Mallon street fund. In 1888 the city of Spokane duly passed an ordinance for the grading of Mallon street, and let the contract for the grading thereof to one V. M. Massey, who, in April, 1889, finished the same according to the plans and specifications, and the same was thereupon accepted by the city as a full performance of the contract. This ordinance is pleaded in the complaint. The contract entered into between Massey and the city is also pleaded, which contract provided, among other things, that, if any payments upon said contract became due and payable and the said fund had not been recovered, the city would issue its warrants or certificates of indebtedness redeemable within one year. That, in pursuance of said contract, the city issued, among others, its four certain warrants

which are set forth in the complaint. It is alleged
that the warrants set out were, on the 13th day of April,
1889; duly presented for payment to the city treasurer
of the defendant corporation, and payment thereof
was refused for want of funds; that the warrants have
been duly assigned to plaintiff; that they are long past
due and wholly unpaid; that the city of Spokane has
wholly failed, neglected and refused to take any steps
for the purpose of creating a fund to be known and
designated as the Mallon street fund; that it has failed,
neglected and refused, and still fails, neglects and re-
fuses to carry out said contract upon its part by the
payment to this plaintiff, or to any other person for
him, of the amount of said warrants; and that on ac-
count of said failure, neglect and refusal of the officers
of the defendant city to keep and perform said con-
tract, the plaintiff, as the assignee and owner of the
warrants, has been damaged in the sum of $2,805.26;
wherefore plaintiff demands judgment for that amount.
A demurrer was interposed to this complaint, on the
ground that it did not state facts sufficient to consti-
tute a cause of action. The demurrer was sustained
by the court and a final judgment entered against the
appellant.

Sec. 3 of the charter of 1886 (Laws 1885–6, p. 301)
granted the power in general terms to the city to
assess, levy and collect taxes for general municipal
purposes, and § 7 provides that the city —

"Shall have power to construct and repair side-
walks, and to curb, pave, grade, plank, macadamize
and gutter any street or streets, highway or highways,
alley or alleys therein, or any part thereof; and to
levy and collect a special tax or assessment on all lots
or parcels of land fronting on such street or streets,
highway or highways, or any part thereof, sufficient

to pay the expenses of such improvement, and for such purpose may establish assessment districts," etc.

Sec. 8 provides that —

" The city of Spokane Falls has power to provide for clearing, opening, graveling, improving, repairing and clearing streets, alleys and highways, and for the prevention and removal of all obstructions therefrom."

In the case of *Soule v. Seattle*, 6 Wash. 315 ( 33 Pac. 384), this court held, in construing similar charter provisions, that the city was not limited to special assessments as a means of improving its streets in any way it saw fit.   On that proposition we think the decision in that case is conclusive of the question raised in this case as to the power of the city to pay for these improvements, and we pass that phase of the case without further comment.

The brief of the respondent charges the appellant with making a misstatement in his opening brief, in alleging that the city has never taken any steps whatever towards creating a fund to be known as the Mallon street fund, and has never paid, and now refuses to pay, to plaintiff the amount of these warrants, claiming that it has no authority or power to pay the same from any other fund than the Mallon street fund, which, as before stated, has never existed, and which the city has never taken any steps to create; and counsel proceeds to show that the city has taken other steps, by passing ordinances, etc.   But this case comes here upon the allegations of the complaint, and we hardly see how these evidenciary matters which are argued by the counsel for the respondent can be taken into consideration.   If the allegations of the complaint are not true, that is a matter of defense; but for the purposes of this demurrer they must be considered as true, and the allegation is that the city of Spokane has wholly

failed, neglected and refused to take any steps for the purpose of creating a fund to be known and designated as the Mallon street fund; that it has failed, neglected and refused, and still fails, neglects and refuses, to carry out said contract on its part by the payment to this plaintiff, or to any other person for him, of the amount of said warrants. It is hard to conceive on what theory the statement made in appellant's brief is said to be a misstatement of the case; and it seems to us that, under the former rulings of this court and the well settled law, if the allegations of the complaint are true, that a contract was duly made and that no steps have been taken for five years on the part of the city to collect the necessary funds for the payment of these warrants, the plaintiff has a legal grievance against the city, and that the complaint in every respect states a cause of action.

There are two technical points, however, raised by the respondent which we will notice here. The first is that the contract must be alleged to have been in writing because, under the ordinance of 1889, a contract to be binding must be reduced to writing and signed by the mayor and city clerk on behalf of the city; and *Arnott v. Spokane*, 6 Wash. 442 (33 Pac. 1063), is cited to sustain this objection to the complaint. We think this case is not in point. In that case we decided that the city could not be rendered liable by the verbal agreement of the mayor and the council to pay certain sums exceeding $50, and the case was reversed because the court admitted testimony which went to show a verbal contract. But the question is here, is a written contract admissible in evidence under a general allegation that the parties contracted, without indicating whether the contract was in writing or not. This question was squarely de-

cided in *Pettit v. Hamlyn*, 43 Wis. 314. There it was held that where there is an averment in general terms of an agreement to convey, it must be assumed that it is a valid agreement, and it is error to reject all evidence under the complaint for its failure to expressly allege an agreement in writing before, though the answer denies such an agreement. The court in that case said:

"It is said by the counsel for the plaintiff, that the court below held the complaint insufficient because it did not show that the agreement was in writing. If that was the view of the learned circuit court it was unsound. The complaint states the agreement to convey in general terms, and it must be presumed that it was a valid agreement. Certainly the contrary presumption cannot be made because the complaint states generally the agreement. It was not necessary to allege that it was in writing. The law upon this point is well settled. It is true, the answer alleges that the agreement to convey was not in writing, but we do not see that that can affect the question as to the sufficiency of the complaint."

In this case the complaint being assailed by a demurrer, under that authority, the complaint states a cause of action and an allegation is made which will sustain proof of a written contract.

To the same effect are *Hamilton v. Lau*, 24 Neb. 59 (37 N. W. 688), and *Higgins v. McDonnell*, 16 Gray, 386. In the latter case it was held that a written contract may in general be given in evidence in support of a declaration on a contract not alleged to be in writing. See, also, *Tuttle v. Hannegan*, 54 N. Y. 686.

The remaining contention is that it was necessary to allege the proceedings of the city council by virtue of which Tull, who signed the warrants, became acting mayor. This also, we think, is a matter of evidence

and not of pleading, and the allegation that the warrant was duly and legally issued was sufficient.

Dillon on Municipal Corporations (4th ed.), § 502, states the rule thus :

" County and city orders signed by the proper officers are *prima facie* binding and legal. These officers will be presumed to have done their duty. Such orders make a *prima facie* cause of action. Impeachment must come from the defendant ; " citing many cases to sustain the text.

And such is the undisputed weight of authority. We think the complaint is in all respects sufficient to place the city on its defense.

The judgment will therefore be reversed.

ANDERS, SCOTT and GORDON, JJ., concur.

HOYT, C. J., dissents.