## UNITED STATES v. POWLOWSKI.

### SAME v. KALEDA.

(District Court, E. D. Pennsylvania. January 14, 1921.)

Nos. 62, 63.

1. **Courts** ⊂⇒337—**State law requiring indictment at first term not applicable to federal courts.**

   Rev. St. § 1014 (Comp. St. § 1674),· providing for the arrest and imprisonment or bail of offenders agreeably to the usual process in the state, applies only to the procedure for arrest, imprisonment, or bail, and not to the procedure relating to the indictment, so that the state rule that an indictment returned at a term subsequent to that to which the offender was bound over can be quashed, unless certain facts appear, does not apply to an indictment in the federal court.

2. **Indictment and information** ⊂⇒7—**Indictment may be returned at term subsequent to that to which accused was bound over.**

   Since an indictment may be laid before the grand jury without the accused having been arrested or bound over by a committing magistrate, an indictment cannot be quashed because it was returned at a term subsequent to the term to which accused had been bound over.

Joseph Powlowski and Michael Kaleda were separately indicted for violation of the National Prohibition Act, and they move to quash the indictments. Motions overruled.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.
B. D. Oliensis, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The defendants were arrested upon a charge of violation of the National Prohibition Act (41 Stat. 305, c. 85), and, on February 9, 1920, after hearing, were held in bail by a United States commissioner for their appearance "on the first day of the next term of the District Court of the United States for the said District at Philadelphia, and thereafter from day to day." The first day of the next term of the District Court was the third Monday of March. The defendants were not indicted at the March term, but were indicted upon September 10th, during the June term of court.

[1] The motions to quash the indictments are based upon the contention that under section 1014 of the Revised Statutes (Comp. St. § 1674) the mode of process in the federal courts is made similar to that prevailing in the state wherein the defendants are prosecuted, and that such mode of procedure includes the procedure before the grand jury. Section 1014 provides:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or any commissioner, * * * and agreeably to the usual mode of process against offenders in such state and at the expense of the United States, be arrested and imprisoned or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense."

It is settled as the law of Pennsylvania that an indictment returned at a term subsequent to that to which the defendant was bound over by a magistrate will be quashed, unless it appear that the defendant had notice that the indictment would be presented at a subsequent term, or such course of procedure is required by some pressing necessity. Commonwealth v. Kohle, 2 Luzerne Leg. Reg. Rep. 329; Commonwealth v. Brown, 12 Pa. Dist. R. 316, Commonwealth v. Rice, 15 Pa. Dist. R. 604, Commonwealth v. Wilhelm, 16 Pa. Dist. R. 386, Commonwealth v. Sweetlick, 19 Pa. Dist. R. 397, Commonwealth v. Holt, 21 Pa. Dist. R. 714.

The question raised by the present motions is not whether the condition of the bond requires the defendants' appearance only during the next term, or whether the condition that they appear "thereafter from day to day" renders the bond an undertaking for their appearance "from day to day" thereafter during subsequent terms, and it is unnecessary to pass upon the question whether the condition of the bond is in accordance with the procedure of the Pennsylvania courts under the provisions of section 1014. The question is whether the finding of the indictments is within the terms of section 1014, required to be "agreeably to the usual mode of process against offenders" in the state of Pennsylvania. The usual mode of process which the statute requires to be followed clearly applies only to the procedure by which the offender may "be arrested and imprisoned or bailed," and not the procedure in connection with his indictment.

[2] There has never been any doubt that with leave of court an indictment may be laid before the grand jury without the prerequisite of

an arrest or binding over by a proper committing magistrate. In the recent case of United States v. Thompson, 251 U. S. 407, 40 Sup. Ct. 289, 64 L. Ed. 333, it has been decided that an indictment may not be quashed because the United States attorney did not obtain permission from the court before presenting it to the grand jury, where the same charge had previously been examined and ignored by another grand jury. This decision is broad enough in its effect to cover the case at bar. The bill could have been presented without a preliminary hearing or imprisonment, or the entry of bail to appear at a subsequent term.

It is concluded that section 1014 does not apply to the procedure in connection with laying an indictment before a grand jury, that such procedure is governed by the common law, as sustained by the decisions of the Supreme Court of the United States, and the law as administered in the state courts is not controlling.

The motions are overruled.