## Commonwealth v. Winfield

*H. Vance Cottom*, district attorney, for the Commonwealth.

*E. J. McDaniel*, for defendant.

DUMBAULD, P. J., July 23, 1940.—On March 19, 1940, defendant was called for trial upon an indictment charging him with operating a lottery and selling lottery tickets.

At that time defendant, by his counsel, moved to quash the indictment for the reason that it was found by a grand

jury at a term later than that to which the defendant's recognizance bound him.

The information shows that on November 2, 1939, defendant, after hearing before Alderman Whitby, was held for the next term of Court of Oyer and Terminer and Quarter Sessions of the Peace for the County of Fayette.

The next term of that court was the December term and session of 1939.

The grand jury for that particular session, upon presentation of the bill, made a return of ignoramus as to both counts.

By order of court, filed on the Saturday preceding the meeting of the grand jury on Monday, the district attorney was directed to resubmit this bill with others to the grand jury summoned to meet just prior to the March term, 1940. The district attorney, without notice to defendant, submitted this bill to the March grand jury, which returned a true bill as to the first count, that of operating a lottery, and an ignoramus as to the second count.

The trial judge overruled defendant's motion to quash, without prejudice to his right to raise the same question in a motion in arrest of judgment, if necessary.

The jury promptly convicted defendant and we now have defendant's motion in arrest of judgment, alleging that the court erred in overruling defendant's motion to quash the bill of indictment.

The indictment should have been quashed.

There was no such emergency as justified the presentation of the bill to the March grand jury without notice to defendant. The right of a defendant, whose case is presented to a grand jury meeting for a term or session later than that at which his recognizance requires him to appear, to have notice as to what term or session the indictment will be presented, is fundamental. It has been recognized with unanimity by the lower courts of this Commonwealth. The rule has been well stated by many of the outstanding judges of our common pleas, nowhere

more clearly, however, than by Brownson, P. J., of the Common Pleas of Washington County, in Commonwealth v. Hay, 11 Wash. 44, 47. He there holds that "an indictment should be quashed if found at a term later than the one for appearance at which the defendant had been bound over, unless (a) notice had been given to the defendant that it would be acted upon by the grand jury which found it, or (b) some emergency had created a pressing necessity for proceeding without such notice . . ."

In support of this principle, he cites a long line of cases: Commonwealth v. Wilhelm, 23 Lanc. 402; Commonwealth v. Haefner, 29 Lanc. 69; Commonwealth v. Brown, 12 Dist. R. 316; Commonwealth v. Rice et al., 15 Dist. R. 604; Commonwealth v. Hollinger, 9 D. & C. 380; Commonwealth v. Kohle, 2 Kulp 329; Commonwealth v. Sweetlick, 19 Dist. R. 397, 398, 400; Commonwealth v. Holt, 21 Dist. R. 714; Commonwealth v. Rice et al., 6 Lacka. Jur. 286, 289; and see United States v. Powlowski, 270 Fed. 285, 286.

In none of these cases was the bill submitted to the later session of the grand jury upon order of the court following a return of ignoramus by the earlier grand jury. We find no reasonable ground upon which to base a finding that an order of court directing the resubmission of a bill of indictment could dispense with the rule requiring notice.

When we consider the rights of a defendant which are to be safeguarded by the fact of notice, we see no basis for a distinction which would require notice of the presentation of the original bill and not require notice of the resubmission by order of court.

The requirement for notice presupposes a defendant's desire to study the makeup of the grand jury, with a view to either challenging the array or challenging particular grand jurors. It would seem just as important to have this information in the case of a resubmitted bill as in the case of an original indictment. Defendant is presumed to

know the regular course of procedure and therefore that the indictment against him will be presented to the grand jury required by his recognizance. When that grand jury adjourns, after ignoring his bill, and it goes to a subsequent grand jury by court order, it must be that the action of the court in directing such resubmission could not and would not destroy defendant's right of notice.

Considering the proposition in its final analysis, we find that there is a fundamental principle involved, and that is the right of defendant to inquire into the drawing and composition of the grand jury which is about to pass upon the charge against him or, in other words, the right of challenge to the array and for cause. A defendant had this right at common law and it has continuously been recognized in the criminal jurisprudence of Pennsylvania. This right of challenge a defendant is bound to exercise at the proper time, and that is before the grand jury passes upon his case. It is too late after the indictment is found, as a general rule. Defendant, having bound himself to appear at the "next" term of court, has the right to presume that the "next" grand jury will consider his case. If one or more terms of court are allowed to intervene, or if, as in our case, the regular grand jury has ignored the bill, how, without notice, is defendant to be informed that a particular grand jury will consider his case? Commonwealth v. Rice et al., 15 Dist. R. 604; Commonwealth v. Kohle, supra.

The rule suggested by Edwards, P. J., in Commonwealth v. Rice et al., supra, governs the situation (p. 606) :

"If the district-attorney desires to hold a case over to be heard by another grand jury at a subsequent term of court, he must, in all such cases, ask leave of court to present the indictment, giving briefly his reasons for the delay. He must also notify the defendant in each case as to the particular grand jury to which the case is to be submitted. If the defendant cannot be served with notice, the district-attorney may state so in his petition asking leave to submit the indictment."

The text writers have uniformly recognized this rule. We find it stated in substantially the same language in Sadler's Criminal Procedure in Pennsylvania (2d ed.), vol. 1, p. 263, and in Byrne's Pennsylvania Criminal Procedure, pp. 101, 109.

As heretofore noted, there was no such emergency as to except this defendant from the class of defendants who are entitled to such notice.

The motion to quash the indictment should have been sustained, and judgment must be arrested on the verdict returned upon the indictment.