1842.

CRUGER
v.
HALLIDAY.

</div>

---

CRUGER and others, Trustees of Douglass, v. HALLIDAY, Administrator of Halliday.

---

A will directed that if the trustees should be reduced by "*death or removal from the U. S. or otherwise*" to the number of two or one, then the parties in interest were authorized to nominate three or more freeholders, out of which the remaining trustees were to accept one or more to be joined with them; and failing such nomination, the remaining trustees were authorized to nominate respectable freeholders to be joined with them; and then the securities were to be assigned by the remaining trustees to themselves and such additional trustees, upon the same trusts, &c. *Held*, that a refusal to act authorized the appointment of another person under the words "or otherwise"—in fact, that these words were broad enough to authorize an appointment after removal from office for cause, resignation or refusal to serve. *Also*, that though the will marked out, particularly, the mode of nomination and appointment of after-trustees, yet it was enough in pleading to say that they were duly appointed, without specifying in what manner and by whom appointed.

---

BILL and demurrer. The bill was filed by "Harriet Douglass Cruger, George W. Strong and Frederick Depeyster, all of the city of New York;" and it commenced with the will of Margaret Douglass, whereby the testatrix devised and bequeathed the residue of her real and personal estate to her executors thereinafter named or to such of them as might accept and take on themselves the burthen of the execution of the trusts of her will and to the survivors and survivor of them

<div style="text-align:right">

*January* 10
1842.

*Will.
Trust and
Trustee.
Pleading.*

</div>

"and to such other person or persons as might become trustees of the residue and remainder of her estate in virtue of the provisions thereinafter contained, &c. &c. ; and the appointment of the persons as trustees and executors was in the following words : " *Ninth.* I do hereby nominate, constitute and appoint my friends, Robert Halliday of the city of New York, Merchant, John Laurie of the same place, merchant, John Johnston of the same place, merchant, and my said daughter Harriet to be the executors of this my last will and testament and the trustees of the residue and remainder of my estate, real and personal, of which I may die seised or possessed ; to have and to hold the same upon the trusts hereinbefore mentioned and contained. And whereas it may so happen that the trusts mentioned, specified and contained in the sixth clause of this my last will and testament may continue and endure until my said trustees, as contemplated by the said sixth clause of this my said last will and testament, shall be reduced by death or removal from the United States or otherwise to the number of two or one, now it is my will and intention and I do hereby direct that whenever and as often as it shall happen that my said trustees shall, from the causes aforesaid or any of them, be reduced to the number of two or of one only, that then and in such case it shall be the duty of my children then living or a majority of them or in case a majority of my children living at the time of my decease should have departed this life, then for the survivors of my said children and my grandchildren, if of full age and the guardian or guardians of such of my said grandchildren as may then be minors, at a meeting for that purpose to be held, upon notice to the other or others of my said children and to the said grandchildren if of full age and to the guardian or guardians either natural or appointed by law, to nominate to my said surviving trustees or trustee, three or more discreet freeholders to be associated with the said two or one surviving trustee in the execution of the trusts herein before declared and created in respect to the said residue and remainder of my estate, out of which persons so nominated as aforesaid it shall be the duty of my said surviving trustees or trustee to accept one or more of the persons so to be nominated as above mentioned to be joined in the said trusts created by the sixth clause or article in this my last will and testament con-

"tained and to declare such acceptance and consent in writing under their hands and seals ; and failing such meeting, nomination and acceptance as above mentioned, then and in such case I do hereby authorize and empower my said surviving trustees or trustee and their successors in said trust, from time to time, by writing under their or his hands and seals, to nominate and appoint one or more respectable freeholders to be trustees of the said residue and remainder of my said estate to be joined with my said surviving trustees or trustee in the execution of the trusts created and declared in and by the sixth clause of this my last will and testament. And I do hereby direct and it is my will and intention that all the securities in which the residue and remainder of my said estate may be then invested shall be assigned and transferred by my said surviving trustees or trustee or their successors in said trust to themselves or himself and to the said person or persons so to be nominated and accepted and failing such nomination and acceptance to the trustees to be appointed by my said trustees in manner aforesaid, to be had and held by them upon the trusts and conditions in the said sixth clause of this my last will and testament contained."

The bill, after reciting the death of the testatrix and the proving of her will, went on with a statement as to who became trustees, and as to a change of the same, as follows : your orators further show that John Johnston and John Laurie, named as trustees and executors in the said will, both declined and refused to take on themselves the said office of trustee and executor ; but that the said Harriet, in the said will named, the daughter of the said testatrix and who is the same person with the above named complainant Harriet Douglass Cruger, and the said Robert Halliday duly took on themselves the office of trustee, as provided in the said will. Your orators further show, that, in pursuance of the provisions of the said will, John Whetton of Staten Island in the state of New York was appointed, on or about the first day of June, eighteen hundred and thirty-three, to act as trustee in the place of the said Johnston and Laurie and in conjunction with your oratrix Harriet Douglass Cruger and the said Robert Halliday. Your orators further show that, on or about the fourth day of March in the year eighteen hundred and thirty-seven, the said John Whet-

1842.

CRUGER
v.
HALLIDAY.

ton having resigned previously thereto his office as trustee as aforesaid, George W. Strong, Esquire, of the city of New York, was duly appointed trustee under the said will, with the said Harriet Douglass Cruger and Robert Halliday; and that on or about the thirty-first day of October in the year eighteen hundred and forty, the said Robert Halliday having departed this life, Frederic Depeyster of the city of New York, Esquire, was duly appointed trustee under the said will with the said Harriet Douglass Cruger and George W. Strong; and that the said George W. Strong and Frederick Depeyster have both accepted and taken on themselves the office of such trustee.

[The bill then went on to state the death of Robert Halliday; and contained allegations to charge his estate—with prayer accordingly.]

General demurrer interposed. The points taken on the argument of it are handled by the court in its decision.

Mr. *L. H. Sandford*, in support of the demurrer.

Mr. *W. S. Johnson*, contra.

*June* 14.

THE VICE-CHANCELLOR :—The demurrer goes to the right of two of the complainants, Messrs. Strong and Depeyster, to file or be instrumental in filing of this bill : on the ground that the bill does not sufficiently show a title in them—or, in other words, how and in what manner particularly they have been appointed trustees under the will of the late Mrs. Douglass. This will appoints four executors and trustees; and it provides that, inasmuch as the trusts may endure until the trustees are reduced by death or removal from the United States or otherwise to the number of two or one, that, as often as it shall happen that the trustees are so reduced in number, new trustees may be nominated and appointed in one of two modes pointed out by the will for that purpose, who are to be associated with the said two or one surviving or remaining trustee.

The bill then shows that two of those persons who were named in the will, as trustees, declined to take on themselves the office of executor and trustee; and, in pursuance of the provisions of the will, John Whetton was appointed about the

first day of June, one thousand eight hundred and thirty-three, to act as trustee in the place of the two who had declined and in conjunction with the remaining two who had previously, duly, taken on themselves the office.

1842.

CRUGER
v.
HALLIDAY.

The first question is : whether the reducing of the number of trustees to two, not by death nor by removal from the United States, but by the refusal to serve of two of those named, is such an event as the will, by fair construction, has provided for ?

The language of the will is broad enough to allow of such a construction ; and I have no doubt it was intended to give the power, in any event that might occur, to reduce the number, whether by death, removal from the United States, removal from office for cause, resignation or refusal to serve. The words " *or otherwise*" are sufficiently comprehensive to include all cases of vacancy, besides those specified ; and I cannot but think the refusal to accept the office of trustees created such a vacancy as it was competent to supply in the manner prescribed by the will, without any application to the court of chancery.

The bill then states, that Mr. Whetten having resigned the office of trustee, Mr. Strong, one of the present complainants, was duly appointed trustee under the will with the other two original trustees.

And here another question arises : whether Whetten could resign so as to create such a vacancy as could be supplied by the appointment of another in the manner authorized by the will ?

It is said that a voluntary resignation of a trustee is not effectual for any purpose, unless it be with the assent of the *cestui que trust* or under the direction of the court of chancery : *Shepherd, survivor, &c.* v. *M'Evers*, 4 John. C. R. 136. The bill does not show but what every thing has been done which was necessary to render the resignation an effectual one. It states the fact distinctly that Whetten having resigned his office of trustee, Mr. Strong was duly appointed trustee under the will, &c. Is not this all that can be essential to allege in pleading ?

Another question of the same import arises upon the allegation that Mr. Strong was duly appointed trustee ; and that

VOL. III.—72

1842.

CRUGER
v.
HALLIDAY.

Robert Halliday, one of the original trustees, having died, Mr. Depeyster was duly appointed trustee under the said will, &c. without specifying in what manner in particular and by whom they were appointed—the bill alleging, moreover, that Mr. Strong and Mr. Depeyster have both accepted and taken upon themselves the office of trustee. They are then trustees *de facto* in conjunction with Harriet Douglass Cruger, one of the original trustees ; and this appears to me to be enough for all the purposes of a pleading. The object of a pleading is to present facts and not the evidence of facts, the latter are reserved for the hearing. Here we have the fact presented that the parties exhibiting this bill are the present trustees under the will duly appointed as such and holding and exercising the office for the purposes of the trusts thereby created. If the fact should be controverted or not admitted in an answer, the complainant will have to prove that they are trustees, and perhaps, not merely *de facto* but also *de jure.* The court may possibly, on the hearing, be called upon to inquire into the manner of the appointment of Mr. Strong and Mr. Depeyster ; and to say, whether they have been duly appointed according' to the provisions of the will ? But I am satisfied their title of trustees sufficiently appears on the face of the bill to give them a right in that respect to be parties to it. In a bill filed by an executor or administrator, it is held to be sufficient to allege that he has duly proved the will or has duly taken out letters of mentary or letters of administration at the hearing : *Humphreys* administration, although the ᵦplaintiff must show letters testa- v. *Ingledon,* 1 P. Wms. 753, and *Stone* v. *Baker,* cited in a note to that case.

Another objection taken by the demurrer is, that the bill does not show that an assignment or transfer of the securities *in which the trust funds may happen to be invested* has been made as directed by the will whenever a change or new appointment of trustees shall take place. This provision of the will, I am inclined to think, is merely directory, and that the omission to make a formal assignment or transfer in writing (if that be the meaning) will not invalidate the appointment or title of new trustees. But an assignment or transfer is matter of evidence at the hearing ; and under the allegation that these new trustees have been duly appointed and hve acc e pted and

taken on themselves the office, it is to be inferred that every thing has been done to constitute them trustees *de jure* until the contrary appears.

The demurrer must be overruled, with costs; and the defendant is to answer in twenty days.