JAMES WEAVER *vs.* MISSISSIPPI & RUM RIVER BOOM COMPANY.
(2nd Case.)

December 23, 1881.

**Trespass—Damages—Complaint.**—A complaint which alleges a trespass upon real estate, and that the plaintiff was thereby deprived of the use of the property, and that such use was reasonably worth a certain sum, is sufficient, although it does not, in terms, allege that plaintiff was damaged.

**Same—Evidence explanatory of Admission.**—Upon the trial, the plaintiff, for the purpose of showing the value of the use of the premises of which he was thus deprived, introduced in evidence a lease, wherein the defendant had agreed to pay plaintiff $700 a year, for a like use and occupation of the same premises for a term immediately preceding the alleged trespass. In rebuttal, the defendant offered to show that it executed this lease when an injunction against it and in favor of plaintiff was pending, and that it had no alternative but to accept plaintiff's terms, or turn its logs over St. Anthony Falls and lose them. This offer was excluded. *Held*, error. That the lease being thus used against defendant as an admission that the use of the premises was worth what it agreed to pay, it had a right to explain the circumstances under which it was made.

This action arises out of the same facts as those on which the last preceding case was founded, and was brought by plaintiff in the district court for Hennepin county, to recover damages for defendant's continued occupation of his land since the commencement of the former suit. The action was tried by *Young*, J., and a jury, who returned a verdict for plaintiff. Defendant appeals from an order refusing a new trial.

*Lochren, McNair & Gilfillan,* for appellant.

*Rea, Wooley & Kitchel,* for respondent.

MITCHELL, J.* In the consideration of another case at this time, between the same parties, for other acts of trespass arising out of the same state of facts, we have passed upon all the questions arising

---

*Clark, J., having been of counsel, took no part in the decision of this case.

in the present case except two—one as to the sufficiency of the complaint, and the other as to the exclusion of certain evidence offered on the trial by defendant. The complaint alleges that plaintiff was the owner of certain premises; that defendant, ever since August 23, 1880, has been in the wrongful and unlawful possession of the same, and wrongfully and unlawfully uses and occupies the same with logs and other material; that, by reason of such occupation by defendant, the plaintiff has been and still is deprived of the use of the same, which he would have had but for such wrongful use and occupation by defendant; that the use and occupation of said premises so used and occupied by defendant, during that time, was of the worth and reasonable value of $1,000, wherefore plaintiff demands judgment for $1,000.

It is contended that, upon the facts stated, no action in the nature of an action in *assumpsit* for use and occupation would lie, and that the pleading is not good as a complaint in trespass, because it does not allege that plaintiff was injured or damaged. We think this point is more technical than sound. Whatever the action may be called, the complaint alleges all the *facts* necessary to entitle plaintiff to recover for the alleged tortious acts of defendant. It is true that the amount of the recovery is to be determined by the amount of damage actually suffered by the plaintiff; but if the trespasses of defendant deprived plaintiff of the use of the premises for a certain time, the value of that use and occupation would be the measure of his damages, at least to that extent. If the complaint states the facts showing damage, it is sufficient, although it does not formally close with an *ad damnum* clause. For like reason, evidence as to the value of the use of the premises, of which plaintiff was deprived by the trespass of defendant, was competent upon the question of the measure of plaintiff's damages.

Upon the trial, plaintiff introduced, as bearing upon the value of the use of the premises, an indenture of lease executed by plaintiff and defendant, by which defendant had agreed to pay plaintiff the sum of $700 per annum for a like use of the same premises for a term immediately preceding the alleged trespass. In rebuttal, defendant offered to prove that it executed this lease when an injunc-

tion against the boom company, in behalf of plaintiff, was pending, and that the company had no alternative than to accept plaintiff's terms, or turn its logs over the Falls of St. Anthony and lose them. Upon plaintiff's objection this evidence was excluded, and defendant excepted. We think this error. Unexplained, this lease had the effect of an admission by defendant that the use and occupation of the premises were worth the amount which it had agreed to pay. That was the purpose for which it was introduced. The defendant had a right to explain the circumstances under which this was done, in order to contradict this apparent admission as to value. Not to allow this to be done was error, which might, and probably did, prejudice the defendant; for it appears from the verdict that the jury took the rent fixed by this lease as a basis for estimating plaintiff's damages.

For. this error, the order denying a new trial is reversed, and a new trial ordered.