[No. 1294. Decided July 13, 1894.]

J. A. CLOUD, *Respondent*, v. THE TOWN OF SUMAS, *Appellant*.

MUNICIPAL CORPORATIONS — REFUSAL TO PAY WARRANTS — REMEDY.

An action cannot be maintained upon a warrant issued by a municipal corporation evidencing its indebtedness to the holder, but the remedy of the holder, in case of the refusal of the treasurer of the corporation to pay the warrant in its order, is to proceed against that officer by mandamus, and, in such proceeding, questions affecting the legality of the warrant can be tried. (DUNBAR, C. J., dissents.)

*Appeal from Superior Court, Whatcom County.*

*Chambers & Lambert,* and *Black & Leaming,* for appellant.

*Ronald & Piles,* for respondent.

The opinion of the court was delivered by

SCOTT, J.— In June, 1891, the town of Sumas became a municipal corporation of the fourth class. The town authorities, desiring to make certain public improvements, such as the grading of streets, etc., and the town not hav-

ing the money on hand to pay therefor, entered into negotiations with the plaintiff, who at that time was engaged in the banking business at said town, the result of which was an agreement between the town authorities and the plaintiff that the plaintiff would supply said town with moneys to the extent of not to exceed five thousand dollars. Several warrants were issued by the town authorities to plaintiff, and the amount called for, less a certain discount, was deposited in plaintiff's bank to the credit of the town, and these sums were thereafter paid out upon warrants issued to various parties by the town treasurer. This action was brought by the plaintiff to recover the moneys advanced to the credit of the town; he obtained judgment, and the town appeals.

A number of technical objections regarding the regularity of the proceedings of the council authorizing the obtaining of these moneys from the plaintiff are raised upon this appeal. It is also contended that municipal corporations of the fourth class have no authority to borrow money. And it is further contended that the present action will not lie in any event, as the remedy of the plaintiff, if he has any, is by mandamus, to compel the payment of the warrants issued to him for the moneys aforesaid.

Owing to the conclusion we have arrived at as to this last proposition, whatever may be our views upon the other questions raised, as to whether any of them are entitled to any merit, or whether the transaction was one of loaning money, or, rather, the payment of debts contracted by the town to other parties, they are eliminated from the case and are not now entitled to consideration. We are of the opinion that the plaintiff mistook his remedy. All he could obtain upon a judgment in his favor would be a warrant issued by the town authorities for the payment of his claim in accordance with the provisions of § 674, Code Proc., and he already has a warrant therefor. No execu-

tion would lie against the town. If this action can be maintained upon the warrants which have been issued, then a like suit might be maintained upon the warrants issued in satisfaction of this judgment, and so on, without limit. Clearly the law contemplates no such proceedings. The plaintiff already has the town's evidences of indebtedness, issued to him in regular form, and if the treasurer should refuse to pay them in their regular order, he can resort to a mandamus to compel such payment. *Carroll v. Tishamingo County*, 28 Miss. 38. See, also, *Union Savings Bank & Trust Co. v. Gelbach*, 8 Wash. 497 (36 Pac. 467).

And the questions, if they are further insisted upon, affecting the legality of such warrants, can be tried in that proceeding. *Jefferson County v. Arrighi*, 54 Miss. 668.

Reversed.

STILES, ANDERS and HOYT, JJ., concur.

DUNBAR, C. J. (*dissenting*). — I dissent. It seems clear to me that the object of this suit, as gathered from the complaint, was to test the validity of the warrant heretofore issued, or, rather, to test the validity of the respondent's claim against the city. The record shows that the validity or legality of this claim is denied by the treasurer and is the only real matter in issue. If that be true, then the issues may as well be determined in this case as in a mandamus proceeding, and the ends of justice will not be subserved by sending the respondent out of court and imposing upon him the expenses of another suit.