[No. 2091.  Decided March 19, 1896.]

W. M. STEPHENS, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.

MUNICIPAL CORPORATIONS — ASSESSMENTS FOR PUBLIC IMPROVEMENTS — LIABILITY ON SPECIAL FUND WARRANTS.

Before a city can be required to pay out of its general fund, warrants drawn upon a special fund to be raised from the assessment of property benefited by a street improvement, it must appear not only that the first assessment has, by reason of fault on the part of the officers of the city, not been collected, but also that no steps have been, or can be, taken for the purpose of providing for the payment of the warrants by the making and collection of a new assessment upon the property benefited by the improvement.

Where a city proceeds under its charter to make public improvements and assess the cost thereof upon the property benefited, it

binds itself only to the exercise of diligence in the collection of such assessment, and it is beyond its power to bind itself to the creation of the fund within a certain time.

· Appeal from Superior Court, Spokane County.— Hon. JESSE ARTHUR, Judge. Reversed.

*W. H. Plummer*, for appellant.

*Jones, Belt & Quinn*, for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—Plaintiff sought in this action to recover upon certain warrants issued by the city of Spokane upon a special fund known as the "Mallon Street Fund." These warrants were issued in pursuance of a contract for the grading of Mallon street, and the ground upon which it was claimed that the city was liable and could be required to pay them out of its general fund, was that it had been guilty of negligence in its attempt to create a special fund out of which the warrants could be paid; that by reason of such negligence sufficient money had not been paid into such fund to pay the warrants issued against it.

In the complaint it was alleged that the city of Spokane had wholly failed, neglected and refused to take any steps for the purpose of creating a fund to be known and designated as the "Mallon Street Fund;" that it had failed, neglected and refused to carry out said contract upon its part, by the payment to this plaintiff, or to any other person for him, of the amount of said warrants; and it was held, upon a former appeal in this action, that if these allegations were sustained by the evidence, the liability of the city would be established. The writer hereof did not agree to what was said upon that subject, but it was a decision of this court and must be held to have established the

law of this case, and upon such decision the respondent largely rests his claim for an affirmance of the judgment.

It is, however, claimed on the part of the appellant that what was said upon the former appeal is immaterial in the decision of the questions raised by this one, for the reason that from the evidence it was made clearly to appear that the allegations of the complaint, which were held to be sufficient, were not true; that from such evidence it appeared that the city had not refused to take steps to create the Mallon Street Fund, but, on the contrary, that it had taken every step which it could to secure the payment into such special fund of the amounts assessed against the property benefited by the improvement. This contention of the appellant must be sustained. What the court decided in the former appeal was based entirely upon the allegations of the complaint, and what it shall decide in this must be based upon the issues made by the pleadings and the proofs introduced upon the trial.

The appellant concedes that it would have been within the power of the city to have made this improvement at the expense of the whole city, and to have paid for the same by a tax upon all the property situated therein. But it contends that the contract for the improvement and the method adopted to meet the expenses thereof were not founded upon the authority contained in the charter to pay for the same by such a tax; that the contract set out in the complaint shows that the improvement was to be made by virtue of the authority contained in another section of the charter which provided for its being made at the expense of the property benefited; and this position of the appellant is not seriously questioned by the respondent,

and even if it was, was so fully established by the pleadings and the proofs that we must accept it as true.

This being so, it follows, under the rule announced in the case of *Soule v. Seattle,* 6 Wash. 315 (33 Pac. 384, 1080), that the city is not liable to pay these warrants otherwise than out of the special fund upon which they were drawn, unless it has failed to take any steps for the creation of the special fund upon which the warrants were drawn, or has been guilty of such negligence in what it has attempted to do that the right to cause such fund to be created has been lost; and it may fairly be gathered from what was said in that case that the liability of the city is not conclusively established by allegation and proof to the effect that the assessment upon the property benefited by the improvement had been so defectively made that its collection could not be enforced, so long as there still existed the power on the part of the city to cause a new assessment to be made and enforced against the property for the creation or increase of such fund.

The legislature has provided in the broadest terms for the re-assessment of property benefited by a special improvement, and under such legislation it was held by this court, in the case of *Frederick v. Seattle,* 13 Wash. 428 (43 Pac. 364), that the power of the city was ample to make and enforce a re-assessment upon property benefited, when the former one had for any reason been found illegal and, therefore, not enforcible. See, also, *Cline v. Seattle,* 13 Wash. 444 (43 Pac. 367). From what was said in these cases it is clear that before the city can be required to pay warrants drawn upon a special fund out of its general fund, it must appear not only that the first assessment has, by reason of fault on the part of the officers of the city, not

been collected, but also that no steps have been, or can be, taken for the purpose of providing for the payment of the warrants by the making and collection of a new assessment upon the property benefited by the improvement.

It is claimed on the part of the respondent that, even if this is the general rule, it does not apply in this case, for the reason that the city bound itself by the contract to create this fund within a certain time. But, in our opinion, it was beyond the power of the city to bind itself to do more than proceed under the statute to assess the cost of the improvement upon the property benefited, and to exercise diligence in the collection of such assessment for the purpose of meeting the obligations of the contract. The city may have had the power to provide for the improvement at the expense either of its general fund or at the expense of a special fund to be created by assessment upon the property benefited, but it had no power to mix these two methods of procedure. When, as in this case, it sought to make the improvement at the expense of the property benefited, it must proceed as though it had no right to make it in any other way. It follows that the respondent can derive no benefit from anything that was included in the contract which tended to bind the city to do more than the law required of it for the creation of a special fund out of which the expense of the improvement should be paid.

It sufficiently appeared that the original assessment by which it was sought to create a fund for the payment of these warrants had been held to be invalid; that by reason of the peculiar provisions of the charter of the city the authorities, acting in good faith, were of the opinion that a re-assessment which would be legal could not be made until there had been legis-

lation upon the subject; that after the legislature had
passed an act authorizing the city so to do, it had in-
itiated proceedings by which it was sought to have an
assessment made upon the property benefited, to cre-
ate a fund out of which the warrants issued under the
contract for the improvement could be paid; that such
proceedings were in progress and undetermined.  This
being so, the city was relieved from liability, at least,
until such proceedings had been carried to a conclu-
sion, and had failed to produce the necessary funds for
the payment of the warrants.   There was no substan-
tial dispute as to these facts, and, for that reason, the
appellant was entitled to a directed verdict in its favor.

The judgment will be reversed and the cause re-
manded with instructions to dismiss the action.

SCOTT, ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.

### OPINION ON RE-HEARING.

HOYT, C. J.—From the petition for re-hearing filed
in this cause it is clear that the position taken by the
majority of the court in reference to the liability of
cities upon grade warrants was not understood.   The
principle which the majority of the court desired to
announce was that the collection of such warrants
could not be enforced out of the general fund of the
city if it was still within the power of the officers of
the city, upon their own motion, or moved thereto by
interested parties, to cause to be collected the cost of
the improvement so as to make possible the payment
of the warrants out of the special fund upon which
they were drawn; that the liability of the city gener-
ally to pay the warrants could only be resorted to
when the right to create the special fund upon which
such warrants were drawn did not exist; that the fact

that the city officials had been guilty of negligence in not causing the money to be placed in the special fund at the earliest possible date would not be sufficient to make the city generally liable for the payment of such warrants; that only when such negligence had resulted in the city's being placed in such a condition that it was beyond its power to cause the money to be placed in the special fund for the payment of the warrants would such general liability be available to warrant holders. And as in the opinion of such majority the facts proven did not sufficiently show that the city could not collect the cost of the improvement by assessment upon the property benefited, and thus provide for the payment of the warrants, it was held that their payment could not be compelled out of the general fund of the city, and as we are still of the same opinion the petition for re-hearing will be denied.

SCOTT and ANDERS, JJ., concur.