[No. 2024. Decided February 11, 1897.]

THE BANK OF BRITISH COLUMBIA OF VICTORIA, *Appellant*, v. THE CITY OF PORT TOWNSEND, *Respondent*.

ACTION UPON STREET GRADE WARRANTS — PLEADING — ALLEGATION OF DAMAGE.

In an action against a city to recover the amount due upon street grade warrants, an allegation in the complaint that the city duly made and entered into the contract for the street improvement, set forth therein, is sufficient to admit proof of the ordinance and of all other facts necessary to show jurisdiction to make the improvement and contract.

Where a city has issued a warrant payable out of a special fund, which it has agreed to provide for the payment of such warrant, its failure to provide such fund, until the bar of the statute of limitations intervenes, will entitle the holder of the warrant to bring an action thereon for the purpose of procuring payment out of the general fund, or the issuance of a warrant to him upon the general fund.

A complaint for recovery of damages, which omits to formally aver that plaintiff was damaged, is not demurrable upon that account, if it contains a prayer for judgment in a specified amount.

Appeal from Superior Court, Jefferson County.— Hon. R. A. BALLINGER, Judge.   Reversed.

*Morris B. Sachs*, for appellant.

*Trumbull & Trumbull*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was brought to recover from the defendant city the amount alleged to be due on various warrants drawn by the city upon certain street grade funds in favor of plaintiff's assignors,

under an alleged contract with the city for street improvements.

The complaint, for a first cause of action, alleges, among other things which it is not here necessary to set forth, that on or about the 26th day of February, 1890, the defendant, the city of Port Townsend duly made and entered into an agreement with one Charles O'Brien, for the grading and filling of Monroe street, in said city, and by which said agreement the said defendant agreed to make and deliver to said Charles O'Brien warrants upon the treasurer of said city, payable to the order of said O'Brien for the amount due and payable to him, under and by virtue of said contract, said warrants to be drawn upon and to be paid out of the special fund to be known as the Monroe Street (Grade and Fill) Fund, which said fund the city of Port Townsend agreed to provide and create according to law; that said Charles O'Brien duly performed each and all of the conditions and requirements of said agreement, as was required of him, and that on or about the 5th day of April, 1890, the said defendant duly made and delivered to said Charles O'Brien, in part payment for the work and labor performed by him and material furnished by him under said contract, a warrant (which is literally set forth in the complaint); that afterwards, and on or about the 5th day of April, 1890, the said warrant was indorsed, for value received, to the plaintiff, and plaintiff is now the owner and holder thereof, and that on the 10th day of September, 1891, the said defendant paid the sum of $35.15 interest thereon to that date, and on said day paid the further sum of $245.83 on account of the principal thereof, and that there is now due and owing to the plaintiff thereon the sum of $245.82, with interest thereon at the rate of ten per cent. per annum

from the 10th day of September, 1891; that the said defendant, the city of Port Townsend, by general ordinance did prescribe the mode in which the charge on the respective owners of lots or lands, and on the lots or lands shall be assessed and determined for the purpose of the said improvement, which said ordinance is entitled as follows : "Ordinance No. 160. An ordinance prescribing the mode in which the charge on the respective owners of lots or lands, and on the lots or lands, shall be assessed, determined and collected for street improvements," which said ordinance passed the council March 4, 1887, and was approved by the mayor on the 4th day of March, 1887; that the said defendant did duly make, create and levy a special tax and assessment for such improvements on the lots and parcels of land fronting on such street, highway or alley aforesaid, sufficient to pay the expenses of such improvement; that the said city of Port Townsend has failed, neglected and refused to collect the said assessment and tax, and has failed, neglected and refused to create and provide the fund for the payment and redemption of said warrant, or any part thereof, except as herinbefore alleged to have been paid, and the city of Port Townsend has failed, neglected and refused and still fails, neglects and refuses to collect the charge, and enforce the lien for such special tax and assessment as provided by law; that the time allowed by law to collect the assessment and special tax aforesaid, and provide the fund for the redemption and payment of said warrant and collect the same from the property liable therefor, and to be assessed therefor, has long since elapsed, and that the said defendant is barred by the statute of limitations from enforcing and collecting the special tax and assessment against the property and on the lots and parcels of land front-

ing on the street, highway and alley along which said improvements were made, and from collecting the amounts of such assessment personally from the owner or owners of the lots and lands at the time of the making of said assessment, and this plaintiff has been, and therefore is, prevented from obtaining payment of the said warrant out of said fund by the failure, neglect, fault, refusal and fraud of the defendant, without any failure, neglect, fault, refusal or fraud of this plaintiff or his assignors.

The complaint then demands judgment for the amount, with interest alleged to be due upon the warrant. The same allegations appear in the remaining causes of action set forth in the complaint.

Section 8 of the city charter confers power upon the city to improve its streets in various ways, but it is therein provided that, unless the owners of more than one-half of the property subject to assessment for such improvement petition the council to make the same, such improvement shall not be made until at least five members of the council, by vote, assent to the making of the same.  Section 10 of the charter grants power to the city by general ordinance to "prescribe the mode in which the charge on the respective owners of lots or lands, and on the lots or lands, shall be assessed and for the purpose authorized by this act," the act of incorporation; and § 92 provides that the city of Port Townsend is not bound by any contract, or in any way liable thereon, unless the same is authorized by a city ordinance and made in writing, and by order of the council, signed by the clerk or some other person in behalf of the city.

The defendant interposed a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.  The demurrer

was sustained, and, the plaintiff declining to plead further, judgment was entered against him for costs, and he thereupon appealed.

The first proposition advanced by the learned counsel for the respondent in support of the ruling of the court below is that it does not appear from the complaint that an ordinance authorizing the contract mentioned therein was ever passed by the council, or that the owners of more than one-half of the property subject to assessment for such improvement, petitioned the council to make same, or that at least five members of the council, by vote, assented to the making of such improvement. It is claimed by counsel that these are jurisdictional facts and must be expressly stated in the complaint in order to set forth a cause of action. It is true that, if it does not appear that the contract was authorized by an ordinance of the city, it is not binding, and the plaintiff cannot recover in this action, but it is also true that, if these necessary facts may be proved under the allegations of the complaint, the complaint must be deemed sufficient as against the demurrer.

We think that the complaint is sufficient to authorize proof that the contract was entered into in accordance with an ordinance of the city, for it in legal effect sets forth that fact.

The meaning of the word "duly" as defined by Webster is, "in a due, fit or becoming manner; properly; regularly," and if the city duly entered into the contract, it properly entered into it, and it could only properly do so by virtue of an ordinance. It is a general principle in pleading that whatever is necessarily implied need not be averred, and, accordingly, it was held in *Rockwell v. Merwin*, 45 N. Y. 167, that an allegation in the complaint that plaintiff was duly ap-

pointed receiver by an order of a justice of the supreme court, without pleading any judgment or proceeding upon which he was appointed, authorized proof on the trial of all the facts conferring jurisdiction.

In *Cruger v. Halliday*, 3 Edw. Ch. 570, it was held that:

"   .   .   ·   under the allegation that trustees have been duly appointed and have accepted and taken on themselves the office, it is to be inferred that every thing has been done to constitute them trustees *de jure* until the contrary appears."

In *People v. Walker*, 23 Barb. 304, it is said that

"   .   .   .   the averment that a meeting was *duly convened* implies that it was *regularly* convened, and, if necessary to its regularity, that it was an adjourned meeting."

In *Culligan v. Studebaker*, 67 Mo. 372, the court held that the allegation, in a petition on a special tax-bill, that the contract for street improvement, under which it was issued, was "duly awarded" by certain officers having the power of awarding contracts is sufficient, and dispenses with the necessity of stating the particular facts which authorized them to award the contract. And in *Werth v. City of Springfield*, 78 Mo. 107, which was an action for negligently changing the grade of a street, the court said:

"It is undoubtedly true that the defendant can only be held responsible for the acts of its officers, agents or servants in changing the grade of a street, when such change has been authorized by ordinance. But in alleging that the defendant raised the grade to a certain height. it is necessarily .implied that it was done in pursuance of some ordinance, as the defendant can only act in such matter by ordinance; and it is a well established rule in pleading, that things which are necessarily implied need not be alleged.   .   .   .   If

the allegation in question should be denied, the plaintiff would have to introduce in evidence an ordinance authorizing the change of grade in order to maintain his action against the city.''

The *City of Kansas v. Johnson*, 78 Mo. 661, was an action to recover a personal tax on the goods of a merchant. The complaint alleged that the city, by its mayor and common council, duly assessed and levied upon the wares and merchandise of said defendant certain taxes, which were specified therein. The defendant objected to the admission in evidence of the ordinance providing for the tax, for the reason that it was not pleaded, and the court, upon this point, used the following language:

"Neither is the statement deficient in not alleging that the mayor and council had a right to levy the tax. Whether they had the right was a matter of law and not of fact, and hence it was unnecessary to allege the existence of the right. . . . The averment contained in the statement that the tax was duly levied, in effect pleaded the substance of the ordinance, and that is sufficient to authorize its reception in evidence."

So we say in this case that the allegation in the complaint, that the city duly made and entered into the agreement set forth therein, is sufficient to admit proof of the ordinance and all other facts claimed to be jurisdictional.

The next contention of the respondent is that appellant is not entitled to any relief in an action at law brought upon the warrants; that he has mistaken his remedy; that an action at law will not lie upon a warrant; and in support of this position council cites *Soule v. Seattle*, 6 Wash. 324 (33 Pac. 384, 1080); *Abernethy v. Town of Medical Lake*, 9 Wash. 112 (37 Pac. 306); *Cloud v. Sumas*, 9 Wash. 399 (37 Pac. 305).

While it may be true that one holding a warrant drawn upon the general fund of a city may not maintain an action upon it, we think no such case is presented here.

In *Soule v. Seattle, supra,* this court said, on petition for re-hearing, that:

".  .  . the main point upon which the case was decided was that the respondent had mistaken his remedy, by reason of the fact that his contract with the city was of such a character that it would not justify the charge of negligence against the city until it had been fully moved to levy and collect a local assessment to pay for the work.   This ground alone, in our judgment, authorized the dismissal of the case."

But, according to the allegations of this complaint, which for the purposes of this demurrer must be taken as true, the city agreed to provide the fund for the payment of these warrants according to law.

In *Abernethy v. Town of Medical Lake, supra,* the plaintiff held a claim against the town which had been allowed and a warrant had been issued therefor, the payment of which was limited to a certain street grade fund, but there was no such fund, and payment had been refused by the treasurer for want of funds, and the court very properly held in that case that the plaintiff should have demanded a general fund warrant, and, not having done so, could not recover in the action; that his remedy was against the officer to compel him to issue a proper warrant.

In *Cloud v. Sumas, supra,* it appears that the plaintiff already had a warrant upon the general fund of the town, and the court said:

"All he could obtain upon a judgment in his favor would be a warrant issued by the town authorities for the payment of his claim in accordance with the pro-

visions of § 674, Code Proc., and he already has a warrant therefor."

But here the plaintiff has no warrant upon the general fund of the defendant, and in fact the object of the action is to obtain such warrant.

It is argued by counsel for the respondent that, if this action is not one upon a warrant, it is an action for damages, and if it be considered as an action for damages the complaint fails to state a cause of action for the reason that no damages are alleged therein. It is true that the plaintiff does not state, in express words, that he has been damaged and claims a recovery therefor, but it is equally true that such an allegation, while usual, and perhaps in some cases essential, is not in all cases necessary. We think this is essentially an action for damages, and if the allegations are true, and they must be so considered in the present posture of the case, the plaintiff has been damaged in the amount due upon the warrants, and is entitled to recover under the decision of this court in *Stephens v. Spokane*, 11 Wash. 41 (39 Pac. 266), and *Stephens v. Spokane*, 14 Wash. 298 (44 Pac. 541).

It is said by Sutherland, in his work on Damages, § 415, that:

"The controlling part of the complaint, as to the amount of damages, is the prayer for judgment."

And in Sedgwick on Damages (8th ed.), § 1260, it is said:

".  .  . except as fixing a limit beyond which recovery cannot be had, the averment of the amount of damages is not a material one."

This question was before the supreme court of California in the case of *Riser v. Walton*, 78 Cal. 490 (21 Pac. 362), and the court there held that a complaint

for recovery of damages which omits to formally aver the amount of damages is not demurrable on that account if it contains a prayer for judgment in a specified amount; and to the same effect is *Bartlett v. Odd Fellows Savings Bank*, 79 Cal. 218 (21 Pac. 743, 12 Am. Rep. 139). See, also, *Weaver v. Mississippi, etc., Boom Co.*, 28 Minn. 542 (11 N. W. 113), a case directly in point. The complaint in this case, as we have seen, prays for judgment in a specified amount, and is therefore, under the authorities above cited, sufficient, although it fails to allege that the plaintiff was damaged.

From what we have already said, it will appear that, in our opinion, the complaint states a cause of action, and the judgment will therefore be reversed and the cause remanded with directions to overrule the demurrer to the complaint.

SCOTT, C. J., and GORDON, J., concur.