JOSEPH MONACO, PLAINTIFF-RESPONDENT, v. JACKSON ENGINEERING CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1957—Decided June 10, 1957.

314

Before Judges Clapp, Jayne and Francis.

*Mr. Samuel J. Davidson* argued the cause for plaintiff-respondent (*Messrs. DeFazio, Davidson & DeFazio,* attorneys).

*Mr. Anthony P. La Porta* argued the cause for defendant-appellant (*Messrs. Florio & Marciano,* attorneys).

The opinion of the court was delivered by

CLAPP, S. J. A. D. Judgment was entered in favor of the plaintiff and against the defendant in the Hudson County District Court for the use and occupation of a portion of a vacant lot owned by the plaintiff. The court found the portion used was worth $15 a month. At the time the attorneys for the parties appeared before the trial court in order to settle the record on the appeal, they advised the court that they had stipulated that the appeal was to be limited to the question whether the plaintiff was qualified to testify as to the value of the use and occupation above mentioned and whether there was sufficient evidence before the court to make a determination as to the value thereof. On the basis of this stipulation the district court settled the statement of evidence.

The district court made certain findings of fact. Plaintiff owned not only the premises but he had owned and managed, for 35 years, an apartment house on adjoining property and a garage 75 feet therefrom. On August 1, 1954 plaintiff gave defendant permission to store certain ship's materials on the vacant lot, provided they were removed not more than ten days later, because, as plaintiff said at the time, he could rent that land for the parking of five cars at $5 apiece a month. From August 1, 1954 on, and for over two years thereafter, defendant's materials remained on the lot, occupying a space of 30 feet by 40 feet.

The main brief, and also a supplemental brief filed by defendant's counsel ten days prior to the argument before us, are in keeping with the above stated stipulation. Under the first point in his main brief he cites *Weaver v. Mississippi & Rum River Boom Co.,* 28 *Minn.* 542, 11 *N. W.* 113

(*Sup. Ct.* 1881), and quotes from it a passage holding that "the value of that use and occupation would be the measure of [plaintiff's] damages." However just before the argument before us, defendant's counsel filed a second supplemental brief, citing another case, *Roselle Park B. & L. Ass'n v. Friedlander,* 116 *N. J. L.* 32 (*Sup. Ct.* 1935), which he claims holds that there is no right to use and occupation under the circumstances. On the oral argument he sought to repudiate the stipulation, saying that defendant's attorneys, for whom he is presently acting as of counsel, and who were defendant's attorneys at the time of the stipulation and subsequently, should not be permitted to control the scope of the appeal and thus hamper their client's rights. We conclude that there is no good reason why at this juncture in the case we should allow the stipulation to be disregarded; the case would apparently have to be remanded for a supplemental statement of evidence and then reargued before us on supplemental briefs.

The first question to be decided is this, was plaintiff qualified to testify as to what the use and occupation were reasonably worth? We think he was. He was the owner and manager of the apartment house and the garage, and furthermore, as appears in the statement of evidence, he had been in the real estate business for 35 years, though he had not sold any property in the neighborhood. Of even more importance is the fact that over the years he had occasionally rented space for parking a car in the vacant lot at $5 per month per car. He doubtless had a special knowledge as to the worth of that particular vacant lot for the parking of cars; in fact it is quite possible that no one else knew more than he about the matter. We need not decide the broad question whether mere ownership of property qualifies the owner to testify as to its value or rental value. *A. & A. Tool & Supply Co. v. Commissioner of Int. Rev.,* 182 *F.* 2d 300, 303 (10 *Cir.* 1950); see 3 *Wigmore, Evidence* (3d ed. 1940), 45, 46 n. 12, criticizing certain New Jersey cases; 1 *Orgel, Valuation under Eminent Domain* 567 (1953); 5 *Nichols, Eminent Domain* (3d ed.),

§ 18.4 [2]; *Jahr, Eminent Domain* 205 (1953); *Annotations,* 159 *A. L. R.* 7, particularly 26 (1945); 37 *A. L. R. 2d* 967, 997 (1954); 32 *C. J. S. Evidence* § 545d(3); *cf. Pennsylvania & P. R. Co. v. Root,* 53 *N. J. L.* 253, 255 (*Sup. Ct.* 1891); *Riley v. Camden & Trenton Ry. Co.,* 70 *N. J. L.* 289 (*E. & A.* 1904); *Walsh v. Board of Education of Newark,* 73 *N. J. L.* 643, 647 (*E. & A.* 1906); *Ross v. Commissioners of Palisades Interstate Park,* 90 *N. J. L.* 461, 464 (*Sup. Ct.* 1917); *Nixon v. Lawhon,* 32 *N. J. Super.* 351 (*App. Div.* 1954); *Kazanjian v. Atlas Novelty Co.,* 34 *N. J. Super.* 362, 369 (*App. Div.* 1955); but see *New Jersey Highway Authority v. Rue,* 41 *N. J. Super.* 385 (*App. Div.* 1956).

Besides, the law entrusts to the trial court a wide discretion as to the qualifications of witnesses. *In re Port of New York Authority,* 28 *N. J. Super.* 575, 581 (*App. Div.* 1953). In the exercise of that discretion an appellate court will not interfere, except in a clear case. *In re Board, etc., West New York,* 103 *N. J. L.* 419, 423 (*E. & A.* 1927).

The above stated stipulation indicates that defendant's attorneys had raised a question as to whether there was sufficient evidence before the district court to enable it to determine the value of the use and occupation above mentioned. We think there was sufficient evidence.

Affirmed.