TACOMA MILL COMPANY, APPELLEE, V. F. H. GILCREST LUMBER COMPANY, APPELLANT.

FILED OCTOBER 21, 1911.    No. 16,656.

1. Pleading: CONSTRUCTION. In an action to recover a money judgment, the pleadings should be liberally construed in the interest of justice.

2. Sales: BREACH OF CONTRACT: PLEADING. A petition to recover for the buyer's breach of an executory contract of sale will not be held bad on general demurrer because the pleader did not use the words "damages" or "damaged."

3. ———: NONACCEPTANCE: DAMAGES. "Where a buyer wrongfully neglects or refuses to accept and pay for goods under an executory contract for sale, the seller may maintain an action against him for damages, and the measure of damages is the loss directly and naturally resulting in the ordinary course of events from the breach of the contract. Ordinarily it is the difference between the contract price and the market price at the time and place where the goods ought to have been accepted." *Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.*, 86 Neb. 623.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Warren Pratt* and *John N. Dryden,* for appellant.

*Frank E. Beemer, contra.*

ROOT, J.

The point of contention in this case is whether the plaintiff is suing for a balance due on a contract of sale or for damages for its breach. The defendant filed a general demurrer to the petition, and, refusing to plead or answer over when its demurrer was overruled, comes here on appeal to reverse a judgment in the plaintiff's favor.

The defendant relies upon *Backes v. Schlick,* 82 Neb. 289, wherein we held that ordinarily either party to an executory contract has the right by explicit notice to the other to stop performance, subjecting himself to such damages as will compensate the other party for being prevented from executing the contract; that an action by the seller will not subsequently lie to recover the contract price, but his sole remedy is an action for damages for a breach of the contract; and that if the petition, in an action to recover the contract price, discloses such notice before the time for performance, it does not state a cause of action.

The plaintiff contends that it states a cause of action for damages. The pleader states the minutest details of the transaction, and pleads some extrinsic facts and various conclusions not necessary to be stated here. The pleader discloses that the plaintiff's place of business is in the state of Washington and the defendant's place of business is at Kearney, Nebraska, and that the defendant on the 17th of October, 1907, purchased three car-loads of shingles from the plaintiff to be delivered f. o. b. cars at Kearney for the agreed price of $3.56 a thousand. The correspondence between the litigants with respect to routing the shingles is pleaded, and the delay incident to following the defendant's directions is explained. The plaintiff also alleges that, during the forenoon of Decem-

ber 2, 1907, it loaded for the defendant two cars with shingles, delivered them to a common carrier, and received bills of lading therefor; that, during the afternoon of the day, it received from the defendant a telegram requesting a cancelation of the contract, to which an answer was sent by telegram that the sale would be canceled as to the one car-load not loaded, but that, since the two car-loads had been shipped, the sale could not be canceled as to them. The plaintiff further alleges that one car-load of the shingles arrived in Kearney December 27, 1907, and the other car-load of the shingles arrived at its destination January 1, 1908; that the defendant refused to accept the shingles, and thereupon, after notice to the defendant, the plaintiff sold them to the best advantage in the market on the defendant's account; that the market price of shingles at Kearney at the time of the resale was $2.50 a thousand, and in Washington $2 a thousand, but that the shingles were sold in Omaha for $3.10 a thousand; that the cars contained 571¼-thousand shingles; that the difference between the contract price and the price received on a resale, $321.77, has not been paid, but is due and unpaid, and judgment for that sum, with interest is prayed for in the petition.

The rights of the parties to a contract of sale of personal property and the remedies for its breach are well settled in this state. If the contract is executory and relates to ordinary commodities which have a general market value, the seller's remedy, where the buyer wrongfully refuses to receive or to pay for the goods, is an action for damages for the loss directly and naturally resulting in the natural course of events from the breach of the contract. *Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.*, 86 Neb. 623. Ordinarily the recovery is limited to the difference between the contract price and the market price at the time and place where the goods should have been accepted. Had the contract pleaded in the instant case been executed, the goods would have been accepted at Kearney. No particular time is pleaded for the delivery, so that a

reasonable time will be implied. The delay, if any, in shipping the shingles is explained by the pleader, and, as against a general demurrer, will be considered reasonable. The resale on the defendant's account in no manner indicates an action to recover the purchase price. Rather it indicates an intention to ascertain in the most practical manner the plaintiff's actual damages. *Moore v. Potter*, 155 N. Y. 481. The legal effect of that transaction is immaterial in the instant case, because by taking advantage of favorable circumstances the plaintiff resold the shingles for considerably more than the market price at the point of shipment or of their destination. While the pleader does not use the word "damaged" or the word "damages," it does charge every fact essential to show that the plaintiff was damaged by the defendant's wrongful conduct and the amount of that damage, and thereby states a cause of action for damages. *Weaver v. Mississippi & Rum River Boom Co.*, 28 Minn. 542; *Riser v. Walton*, 78 Cal. 490; *Bank of British Columbia v. City of Port Townsend*, 16 Wash. 450.

Section 121 of the code provides: "In the construction of any pleading, for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties." Substantial justice in the instant case demands that the defendant recompense the plaintiff for its actual loss naturally and necessarily occasioned by the defendant's default. The fact that but two car-loads were shipped is immaterial. It does not appear that the defendant refused to accept the two car-loads because three car-loads were not shipped.

Applying to the instant case the rule announced in section 121 of the code, we hold that the plaintiff's petition states a cause of action for damages for the defendant's breach of contract, and that the demurrer was properly overruled. It follows that the judgment of the district court should be, and is,

AFFIRMED.

FAWCETT, J., not sitting.