LOUISA A. PORTER, APPELLANT, V. PACKERS NATIONAL BANK OF SOUTH OMAHA, APPELLEE.

FILED JANUARY 30, 1914. No. 17,491.

Petition examined and set out in the opinion, *held* not vulnerable to a general demurrer.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed with directions.*

*Edgar M. Morsman, Jr.,* for appellant.

*Murphy & Winters, contra.*

FAWCETT, J.

From a judgment of the district court for Douglas county, sustaining a general demurrer to plaintiff's petition, and dismissing her action, she prosecutes this appeal.

The only question presented is: Does the petition state a cause of action? It alleges the corporate capacity of defendant, and that plaintiff on January 20, 1911, was the owner of lot 10, block 114, in the city of South Omaha, "and, being desirous of selling said property plaintiff, on or about the said date, executed a warranty deed conveying said property to one Mrs. Dolezal; that said plaintiff forwarded said deed to the defendant in a letter, whereby defendant was instructed to deliver said deed upon receipt of $1,650 and which said letter was in words and figures as follows: " 'Oskaloosa, Iowa, Jan. 20, 1911. Packers National Bank, 24th & O. Sts., South Omaha, Neb.—Gentlemen: I am inclosing herewith warranty deed, which you will please turn over to Joseph F. Murphy upon payment of $1,650 less $25 commission and a reasonable charge for bringing the abstract covering this property down to date, together with a receipt showing the expense of preparing abstract. Forward to me the net returns as soon as settlement is made. Yours truly, Mrs. L. A. Porter.' That the defendant delivered the aforesaid deed to Joseph F. Murphy, agent for Mrs. Dolezal; paid the sum of $14.50 for extending abstract and $25 commission to Joseph F. Murphy, but remitted to plaintiff only the sum of $1,489.18; that plaintiff has repeatedly demanded and defendant has refused to pay the balance due plaintiff, to wit, $121.32. Wherefore, plaintiff prays judgment against defendant for the sum of $121.32, with interest at 7 per cent. from January 24, 1911, and costs of suit."

The contention of appellee, which apparently was the theory upon which the district court sustained its demurrer, is that the petition did not allege that the bank had collected the full $1,650, nor allege facts to show that the bank did not collect the full sum, nor allege facts to show

that, by reason of the failure of the bank to collect the full amount, plaintiff was damaged. Authorities are cited upon the point that, where a bank acts as a collection agent and through its negligence the debt is lost, the measure of damages is the actual loss sustained by reason of such negligence. We do not think these cases apply. *Tacoma Mill Co. v. Gilcrest Lumber Co.,* 90 Neb. 104, is more nearly in point. The directions from plaintiff to defendant were plain and explicit. There is nothing in the petition to show that plaintiff had actually sold the property to Mrs. Dolezal. The allegation is that she was "desirous of selling said property." In furtherance of that desire, she sent defendant a warranty deed, the delivery of which would divest her of her title to the property therein described, with explicit directions that it was to deliver that deed upon payment of a certain specified sum, less two specified deductions; that the bank delivered the deed, paid the two specified amounts, and had refused to pay plaintiff the balance of the consideration which it was instructed to collect before delivery of the deed. The petition stated a good cause of action. If the rule contended for by defendant should be adopted, no one would be safe in sending a deed to a bank for delivery, as the bank could deliver the deed for a less sum than that specified in the deed and in its letter of instructions, and, when called upon to settle, sit back and say: "We got all your property was worth; hence, you have not been damaged." This is not the law. If defendant has any defense in the way of offset, counterclaim, or otherwise, to this cause of action, those defenses must be set up by way of answer.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer.

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.