18 . NEBRASKA REPORTS [VOL. 111

Bell Oil & Gas Co. v. A. B. A. Independent Oil & Gasoline Co.

BELL OIL & GAS COMPANY, APPELLEE, V. A. B. A. INDEPEN-
DENT OIL & GASOLINE COMPANY, APPELLANT.

FILED OCTOBER 20, 1923. No. 22506.

1. **Sales: CONTRACT: BREACH: MEASURE OF DAMAGES.** When a
vendee of personal property breaches the contract of purchase
by a wrongful refusal to receive the property at the stipulated
time and place, and the vendor sues to recover damages, the
measure of his recovery is, ordinarily, the difference between
the contract price and the market price at the stipulated time
and place of delivery. But if the vendor resells the property
for less than the contract price and for more than the market
price at the time and place of delivery, then the measure of his
recovery is the difference between the contract and the resale
prices.

2. ———:———:———: **PROOF.** When a vendee of personal prop-
erty breaches his contract of purchase by wrongfully refusing
to receive the property at the stipulated time and place, the
vendor, in an action to recover damages for such breach, is re-
quired to prove that the property tendered complies with all
the material requirements of the contract.

3. **Evidence: HEARSAY.** Testimony of a witness as to the specific
gravity of gasoline, which he has not tested nor seen tested for
specific gravity, and whose only source of information is a writ-
ten report by another, whom he had directed to test the gaso-
line, is hearsay and incompetent.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Reversed.*

*McCarty & Hager,* for appellant.

*Reavis & Beghtol, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and GOOD,
JJ., REDICK, District Judge.

GOOD, J.

Action to recover damages for breach of contract. Plain-
tiff had a verdict and judgment thereon, and defendant has
appealed.

In June, 1919, the parties to this action entered into a
contract, by the terms of which plaintiff sold to defendant

10 cars of gasoline at 18¾ cents a gallon, to be delivered at Lincoln, Nebraska. The gasoline was to have a specific gravity of 58 to 60 and to test not higher than 428 end point distillation; that is, when distilled, all of it must vaporize at a temperature not exceeding 428 degrees Fahrenheit. Plaintiff shipped 4 cars of gasoline to defendant. Defendant refused to receive them. Plaintiff then resold 10 cars of gasoline to other parties at a price somewhat less than the price agreed upon with defendant, and seeks in this action to recover the difference between the contract price and the price at which it resold the gasoline to other parties.

Defendant assigns as error: (1) That the verdict is not sustained by sufficient evidence; (2) error in the giving of instruction No. 6, relative to the measure of damages; and (3) error in the admission of evidence, with reference to the testing of the gasoline.

By the instruction complained of, the court directed the jury that the measure of plaintiff's damage was the difference between the value of the gasoline in question at the contract price and the value of the same at the price for which plaintiff afterwards resold it. When a vendee of personal property breaches the contract of purchase by his wrongful refusal to receive the property at the time and place stipulated, and the vendor seeks to recover damages for such breach, the measure of his recovery is, ordinarily, the difference between the contract price and the market price at the stipulated time and place of delivery. *Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.*, 86 Neb. 623; *Tacoma Mill Co. v. Gilcrest Lumber Co.*, 90 Neb. 104. However, if the vendor resells the property at a price below the contract price and above the market price at the stipulated time and place of delivery, then the measure of his recovery would be the difference between the contract price and the resale price. In the instant case, the evidence indicates that plaintiff resold the gasoline, after defendant's refusal to accept it, at a price somewhat in excess of the market price at the stipulated time and place of delivery.

Under the circumstances proved, the instruction was properly given.

The first and third assignments will be discussed together. When a vendee of personal property breaches his contract of purchase by wrongfully refusing to receive the property at the stipulated time and place, the vendor, in an action to recover damages for the breach, is required to prove that the property tendered complies with all the material requirements of the contract. In this case the contract provided that the gasoline should have a specific gravity of 58 to 60 and a distillation end point of 428 degrees Fahrenheit. The burden was upon plaintiff to establish that the gasoline tendered met these requirements. Plaintiff assumed and undertook to carry this burden.

With reference to seven cars of the gasoline, the witness Donnelly, over objection, testified that the 7 cars of gasoline had a specific gravity of between 58 and 60, but the record discloses that he personally did not make any test of the gasoline, nor was any test made in his presence, and that the source of his information was a written report or memorandum made by his brother, whom he had directed to test the gasoline. It is evident that he had no personal knowledge. The testimony offered was hearsay and incompetent and should have been rejected. There is no other evidence in the record to establish the specific gravity of these 7 cars of gasoline, and there is no competent evidence in the record to prove the end point of distillation, as to any of the cars of gasoline, so that there is a total failure, on this point, to show that the gasoline complied with the specifications of the contract.

As the jury returned a verdict of practically the full amount claimed by plaintiff, it is evident that defendant was prejudiced by the admission of the incompetent evidence, and that the verdict is not sustained by sufficient evidence.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.